

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-15-2010

# USA v. Landon Plate

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-2284

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

Recommended Citation

"USA v. Landon Plate" (2010). *2010 Decisions.* Paper 2048.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/2048

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 09-2284

UNITED STATES OF AMERICA

v.

LANDON JOHN PLATE,
                                        Appellant

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court  No. 2-08-cr-00259-1
District Judge: The Honorable Gustave Diamond

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 15, 2010

Before: SCIRICA, *Chief Judge*, BARRY, and SMITH, *Circuit Judges*

(Filed:  January 15, 2010)

OPINION

SMITH, *Circuit Judge.*

        Landon John Plate pleaded guilty to one count of possession of material depicting the

sexual exploitation of a minor in violation of 18 U.S.C. § 2252(a)(4)(B).  Pursuant to

U.S.S.G. § 2G2.2(a)(1), the District Court calculated a base offense level of 18.  After four

enhancements under U.S.S.G. § 2G2.2 and one downward adjustment, Plate's total offense level was 28 and his criminal history score was zero. Based on these calculations, Plate's advisory Guidelines range was 78 to 97 months of imprisonment. Plate requested a downward variance to a sentence of five years of probation without jail time. The District Court sentenced him to 36 months imprisonment and 15 years of supervised release. Plate appeals that sentence. We will affirm the judgment of the District Court.[1]

I.

We review Plate's sentence for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). Our review for abuse of discretion "proceeds in two stages." *Tomko*, 562 F.3d at 567. First, we ensure that "the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, . . . failing to consider the § 3553(a) factors, . . . or failing to adequately explain the chosen sentence[.]" *Id.* If a district court's procedure was correct, we then consider the sentence's substantive reasonableness. *Id.* Our review for substantive reasonableness is highly deferential. *Id.* at 568. We will affirm the sentence "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Id.*

Plate's claims of error draw heavily on *Kimbrough v. United States*, 552 U.S. 85 (2007). *Kimbrough* made clear that "sentencing courts may disagree with the Guidelines

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. This Court has jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

based on policy." *United States v. Thielemann*, 575 F.3d 265, 272 n.12 (3d Cir. 2009) (citing *Kimbrough* and *Spears v. United States*, 555 U.S. ----, 129 S. Ct. 840, 843 (2009)). In *Kimbrough*, the Supreme Court held that a sentencing court did not abuse its discretion when it varied downward from the crack cocaine Sentencing Guidelines based on its policy disagreement with those Guidelines over the sentencing disparities between crack and powder cocaine. *Kimbrough*, 552 U.S. at 110. The Court's reasoning was based in part on the fact that the crack cocaine Guidelines were largely the product of mandatory minimum sentences dictated by Congress, and were not created by the United States Sentencing Commission on the basis of "empirical data and national experience." *Id*. at 109.

In the District Court, Plate analogized the crack cocaine Guidelines at issue in *Kimbrough* to the child pornography Guidelines at issue here. He argued for a downward variance on the ground that the provisions of U.S.S.G. § 2G2.2, like the crack cocaine Guidelines, are the product of statutory directives, not a reasoned analysis of empirical data and national experience by the Sentencing Commission. On appeal, Plate argues that his sentence was both procedurally and substantively flawed. First, he contends that the District Court committed procedural error by failing to "adequately explain [its] chosen sentence." *Tomko*, 562 F.3d at 567. Specifically, he argues that the District Court failed to address his argument that he was entitled to a downward variance based on his *Kimbrough* analogy. We disagree. The District Court granted Plate a sentence that was well below the Guidelines range. The bottom of Plate's Guidelines range was six and a half years of prison. After analyzing the sentencing factors of 18 U.S.C. § 3553(a), the District Court imposed a

3

sentence of only three years. This was a downward variance, and a significant one at that. *See United States v. Brown*, 578 F.3d 221, 226 (3d Cir. 2009) (explaining that a variance is a "discretionary change[] to a guidelines sentencing range based on a judge's review of all the § 3553(a) factors").

To the extent that Plate contends that the District Court failed to address his specific argument for a variance based on *Kimbrough*, we are not persuaded. At sentencing, the Court engaged in an extensive colloquy with counsel for the government concerning the Guidelines' "rationale" and "theory" for sentencing individuals such as Plate who possess, but do not produce, child pornography. The District Court clearly recognized its freedom under *Kimbrough* to impose a below-Guidelines sentence based on policy disagreements with the Guidelines, and in fact exercised that freedom by granting Plate a substantial downward variance after a thorough analysis of the sentencing factors.[2]

Plate further argues that his sentence was substantively unreasonable under

---

[2] Even if the District Court had wholly ignored Plate's *Kimbrough* argument, this would not have been error. The District Court must consider any non-frivolous argument that is properly presented, has "colorable legal merit," and has a "factual basis" in the record. *United States v. Ausburn*, 502 F.3d 313, 329 (3d Cir. 2007). Here, the record contains no attempt by Plate to substantiate, through a historical analysis or actual record evidence, his claim that the child pornography Guidelines lack empirical support. *Cf. Kimbrough*, 552 U.S. at 94-100 (conducting a thorough analysis of the genesis and evolution of the crack cocaine Guidelines before concluding that they did not reflect "empirical data and national experience"); *United States v. Grober*, 595 F. Supp. 2d 382 (D.N.J. 2008), *appeal docketed*, No. 09-1318 (3d Cir. Feb. 5, 2009) (granting a downward variance from the prison term prescribed by the child pornography Guidelines, but on the basis of a voluminous factual record, which included testimony from sentencing experts, concerning the history of and empirical support for those Guidelines). Therefore, Plate's *Kimbrough* argument lacked a "factual basis" in the record, *Ausburn*, 502 F.3d at 329, and the District Court was free to disregard it.

*Kimbrough* because the District Court employed invalid Guidelines in determining his sentence. He claims that U.S.S.G. § 2G2.2 was "flawed at its inception" because it was "impermissibly" formulated on the basis of statutory directives, not empirical data and national experience, and that the District Court abused its discretion by using it as a starting point for his sentence.

This argument stretches the *Kimbrough* decision well past its breaking point. *Kimbrough* did not hold that it is "impermissibl[e]" for a Guideline to be formulated based on statutory directives. It held only that when that Guideline *is* based on statutory directives, as opposed to "empirical data and national experience," a court may choose to give that Guideline less weight. *Kimbrough*, 552 U.S. at 109. It did not hold that a sentencing court *must* vary from the Guidelines under such circumstances; it held only that it is not an abuse of discretion to do so. *Id.* at 110. Likewise, *Kimbrough* did not hold that the District Court's use of a Guideline based on statutory directives to fashion a sentence makes that sentence substantively unreasonable. Where a sentence is otherwise reasonable, "no justification exists [under *Kimbrough*] for reversing the District Court [solely] because of its reliance on a currently valid Guideline." *Thielemann*, 575 F.3d at 272 n.12. In short, neither *Kimbrough* nor anything in this record persuades us that Plate's sentence is substantively unreasonable. Therefore, we will uphold it. *See Tomko*, 562 F.3d at 568.

II.

Plate's final argument is that the District Court committed procedural error by failing to consider his personal history and characteristics in determining his sentence. *See* 18

5

U.S.C. § 3553(a)(1).  Plate contends that his character and positive attributes warranted a downward variance, and that the District Court erred by failing to explain why it did not agree.  As evidence of his good character and positive attributes, Plate cites a letter to the Court, written by Plate's grandmother and attached as an exhibit to his Sentencing Memorandum.  The letter describes Plate as an "attentive grandson" who is "gentle," "pleasant," and "respectful to others."  As further evidence of his good character, Plate also cites his steady employment, his relationship with his daughter, and his participation in counseling and other post-offense rehabilitation.

We conclude that the District Court's analysis of the sentencing factors, including § 3553(a)(1), was "informed and adequate," and thus the Court committed no error.  *See Thielemann*, 575 F.3d at 271.  "A sentencing court does not have to discuss and make findings as to each of the  § 3553(a) factors if the *record* makes clear the court took the factors into account in sentencing."  *Tomko*, 562 F.3d at 568 (emphasis in original) (internal quotation marks omitted).

Here, the record makes clear that the District Court took Plate's history and characteristics into account in deciding his sentence.  At the sentencing hearing, the Court explicitly acknowledged its duty to consider all of the § 3553(a) factors, including "the character of the Defendant."  Furthermore, the Court acknowledged reading the letter from Plate's grandmother discussing Plate's positive characteristics. It heard extensive arguments about Plate's positive attributes from his lawyer, and a lengthy discussion of Plate's "characteristics" as revealed by a pre-sentencing psychological exam conducted by Dr.

6

Robert Coufal. The Court clearly read and considered Dr. Coufal's report. It explicitly relied on Dr. Coufal's conclusions in announcing the sentence, noting that there was "no evidence that [Plate] is . . . a pedophile or is likely to be a pedophile." The District Court also discussed Plate's psychiatric background, his sexual preferences, and his sexual impulses during sentencing. He specifically noted that Plate had no "history" of actual sexual contact with children. All of this demonstrates that the District Court considered Plate's personal history and characteristics, and it bears repeating that after considering those characteristics the District Court *did* grant Plate a substantial downward variance.[3]

The record "more than adequately demonstrates the Court's meaningful consideration" of the § 3553(a) factors, including Plate's history and characteristics. *See United States v. Lessner*, 498 F.3d 185, 203 (3d Cir. 2007). Ultimately, Plate's quarrel with the District Court is not that it failed to consider his personal attributes, but that the Court's assessment of those attributes did not result in a downward variance that was as dramatic as Plate desired. That is no reason to invalidate a sentence. *United States v. Bungar*, 478 F.3d 540, 546 (3d Cir. 2007) (noting that the District Court's "failure to give mitigating factors the weight a defendant contends they deserve" does not make a sentence unreasonable); *Lessner*, 498 F.3d at 204-05 (same). *See also Tomko*, 562 F.3d at 568 (noting that we are "'highly deferential' to the sentencing court's application of the § 3553(a) factors").

Accordingly, we will affirm the judgment of the District Court.

---

[3] Plate's trial counsel's recognition of that fact may explain why he conspicuously failed to object at sentencing to the District Court's now-alleged failure to address the request for a variance.

7